**1477-15**

ORIGINAL TEXAS COURT OF CRIMINAL APPEALS

COURT OF CRIMINAL APPEALS CASE NUMBER

PD -

COURT OF APPEALS CASE NUMBER

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 18 2015

Abel Acosta, Clerk

06 - 14 - 00194 - CR

FILED IN
COURT OF CRIMINAL APPEALS

DEC 18 2015

Abel Acosta, Clerk

BENNIE JOHNSON, JR.,
Petitioner,

V.

STATE OF TEXAS,
Respondent.

PETITION FOR DISCRETIONARY REVIEW FROM
JUGMENT OF THE SIXTH COURT OF APPEALS

Patrick D. Moreno
TDCJ No. 01752336
Mark W. Stiles Unit
3060 FM 3514
Beaumont, Tx. 77705
Layman for Petitioner

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS.........................................i

TABLE OF AUTHORITIES......................iii

STATEMENT REGARDING ORAL ARGUMENT.. v.

STATEMENT OF THE CASE................. vi

STATEMENT OF PROCEDURAL HISTORY..... vi

QUESTIONS PRESENTED FOR REVIEW........1

ARGUMENT...........................................2

   I. Introduction.................................2

   II. Discussion....................................4

      A. The Evidence is Not Sufficient to Support the Conviction of Aggravated Sexual Assault.................................4

      B. For Counsel to Rest On a Trial Strategy Necessitates the Existence of One. Opening the Door to Extraneous Offense Cannot Be Considered Reasonable Trial Strategy... 6

C. Trial Counsel's Failure to Investigate, develop, and Present Evidence of Alternative DNA Testing, No Tactical Reason in Failing to Attack Veracity of "Rape" Evidence.....7

III. Harm.....8

PRAYER FOR RELIEF.....9

CERTIFICATE OF SERVICE.....10

CERTIFICATE OF COMPLIANCE.....10

# TABLE OF AUTHORITIES

Page

## Texas Cases

Hernandez v. State, 726 S.W. 2d 53, 57
(Tex. Crim. App. 1986)..........6

Morton v. State, 761 S.W. 2d 876, 880
(Tex. App. - Austin 1988)........8, 9

Thompson v. State, 9 S.W. 3d 808, 813
(Tex. Crim. App. 1999)...........8

Wicker v. State, 667 S.W. 2d 137, 142
(Tex. Cr. App. 1984)................8

## Federal Cases

Berryman v. Morton, 100 F. 3d 1089 (CA 3 1996)...3

Haynes v. Cain, 298 F. 3d 375, 380, 382 (5th Cir. 2002)...7

Lunberry v. Hornbeak, 605 F. 3d 754 (CA 9 2010).....3

## Supreme Court Cases

Bell v. Cone, 535 U.S. 685, 122 S.Ct. 1843, 1851 (2002)........7

iii.

Crane v. Kentucky, 476 U.S. 683, 690,
　　　　106 S.Ct. 2142 (1984)..........3

In re Oliver, 333 U.S. 257, 68 S.Ct. 499 (1948)........4

Jackson v. Virginia, 433 U.S. 307, 320
　　　　99 S.Ct. 2781 (1979).........2

McMann v. Richardson, 397 U.S. 759, 771 n.14,
　　　　90 S.Ct. 1441, 1449 (1970)......6

Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55 (1932).....6

Strickland v. Washington, 466 U.S. 668
　　　　104 S.Ct. 2052 (1984)......6, 7

United States v. Cronie, 466 U.S. 648, 660,
　　　　104 S.Ct. 2039, 2047 (1984)...6, 7

Washington v. State of Texas, 388 U.S. 14, 87 S.Ct. 1920
　　　　(1967) ...............3, 4

Texas Constitution Article I, Section 10 .................6

United States Constitution, U.S.C.A. Sixth and Fourteenth..6

Texas Penal Code

Tex. Penal Code §22.021.....................vi, 4

iV.

# STATEMENT REGARDING ORAL ARGUMENT

Oral argument is requested.

v.

# STATEMENT OF THE CASE

Mr. Johnson was convicted of aggravated sexual assault. See Texas Penal Code §22.021. A jury found Johnson guilty and assessed punishment at multiple life sentences, to be served consecutively in the Texas Department of Criminal Justice - Institutional Division. A judge sentenced Johnson accordingly. (CR. 78).

Johnson's defense lawyer, Mr. John Stroud, asked the trial Judge Bobby Lockhart about testifying to a consensual defense before trial and out of the hearing of the jury. (RR8, pp. 15, 16).

Judge Lockhart then asked if Mr. Stroud had advised Johnson that he would have to testify in order to present a consensual sex defense. (RR8, pp 168-170).

# STATEMENT OF PROCEDURAL HISTORY

Johnson appealed a conviction of aggravated sexual assault, cause number 06-14-00194-CR. His appellate lawyer file an _Anders_ brief and Motion to Withdraw on April 17, 2015. Johnson filed a pro se brief appealing his conviction on three points of error on July 13, 2015.

The Sixth Court of Appeals upheld the judgment and sentence in this case. (Attachment A).

# QUESTIONS PRESENTED FOR REVIEW

1. Whether the evidence at trial is sufficient to support a conviction of aggravated sexual assault.

2. Whether defense counsel was prepared and presented any trial strategy in this case.

3. Whether counsel investigated, developed, and presented evidence for a call to alternative DNA testing and attack the veracity of victim's outcry.

# ARGUMENT

## I. INTRODUCTION

Whether there was evidence to support conviction of aggravated sexual assault is a question of fact and law. <u>Jackson v. Virginia</u>, 443 U.S. 307, 320, 99 S.Ct. 2781 (1979).

Investigator Daphne Stiles testified that the victim's medical records did not have mention she suffered any injuries. (RR8, p. 96). Mrs. Stiles further testified that the lack of injuries did not cern her given her 27 years of experience in law enforcement. (RR8, p. 97).

Kristy Link from the Texas DPS Crime Lab testified that analysis was performed of the sexual assault kit and the sperm cell fraction was consistent with a mixture of Johnson, the victim, and an unknown individual. (RR8, pp. 125; 131).

Johnson willingly allowed Det. Brad Thacker obtain a DNA sample. (RR8, p. 73, 74).

The victim testified that on June 26, 2012, she had left a "party" and a friends apartment and was walking down Robison Rd. (RR8, pp. 143-44). A man in a black SUV offered her a ride and she recognized him so she accepted. (RR8, p. 144). The man stated he needed to make a stop before taking the victim on her destination. According to the victim, the man pulled into a lot, pulled out a gun, put it to her head, and demanded oral sex. (RR8, p. 147). She further testified that she jumped out of the truck, but the man chased, caught her and "threw" her onto

2.

the lot, or, on the ground. (RR8, p.148). Held a gun to her head and sexually assaulted her. (RR8, p.149). She further testified she had "sexual intercourse" (not love) with her fiancé "Michael," (RR8, p.158), that morning.

Mr. Stroud tells Johnson that the only way to raise a consensual sex defense was to either through his statement to the police or look the jury "in the eye" in testifying to the courtroom his defense. (RR8, p.168-69). It is clear that Johnson's defense attorney was ill prepared for trial nor was he prepared for any strategy in Johnson's defense. Due process includes a right to "a meaningful opportunity to present a complete defense." Lunberry v. Hornbeak, 605 F.3d 754 (CA9 2010) (citing Crane v. Kentucky, 476 U.S. 683, 690, 106 S.Ct. 2142 (1984). "For counsel to rest on a 'strategy' necessitates the existence of one." This case lacked strategy; opening the door to otherwise inadmissible evidence where the victim is the State's chief witness is not reasonable effective assistance of counsel as guaranteed to Johnson in the Sixth Amendment U.S.C.A. Berryman v. Morton, 100 F.3d 1089 (CA3 1996).

Finally, Mr. Stroud's failure to ascertain the facts, investigate, develop and present evidence, for one, alternative DNA testing, has no tactical reasoning in to present a defense and call witnesses in favor of Johnson's defense in attacking the veracity of the victim's testimony, the State's chief witness. Washington v. State of Texas, 388 U.S. 14, 87 S.Ct. 1920 (1967). The right of an accused to have compulsory process for obtaining witnesses in his favor stands on no lesser footing than the other Sixth Amendment rights that we have previously held applicable to the States. This

3.

Court had occasion in In re Oliver, 333 U.S. 257, 68 S.Ct. 499 (1948), to describe what it regarded as the most basic ingredients of due process of law.

The right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies. Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense. Id at 1923.

## II. DISCUSSION

### A. The Evidence is Not Sufficient to Support the Conviction of Aggravated Sexual Assault.

Mr. Johnson submits that the evidence presented at trial is not sufficient to support the conviction of aggravated sexual assault.

Under the Texas Penal Code §22.021. To prevail in a case of aggravated sexual assault, the State must prove beyond a reasonable doubt the defendant intentionally or knowingly causes the penetration of the anus or sexual organ of another person by any means without that person's consent, and by acts or words, places the victim in fear that death, serious bodily injury, or kidnapping will imminently inflicted upon any persons or, by acts or words occurring in the presence

4.

of the victim, threatens to cause the death, serious bodily injury, or kidnapping of any person.

Not only does Johnson argues that evidence is insufficient because of testimony of witnesses agreeing that medical and physical evidence is not consistent with sexual assault but that there was sexual intercourse by these two consenting adults. There was no physical or verbal abuse, i.e., any threats made. Only a known protestute trying to make money for her drug habit, that is smoking crack. (RR8, pp. 182, 184). When the victim didn't get the amount of money she was looking for she hollered rape in retalliation to Johnson and, for not taking her to a known drug neighborhood in the early hours of the night.

Johnson also believes that "Michael" is <u>not</u> the DNA of the other unknown specimen as testified by the victim. (RR8, p. 158). Simply because "Michael" is not the victim's fiancé. In fact, Michael is involved with someone else by common law.

Furthermore, the empty lot the victim claims Johnson threw her down on is full of rocks, sticks, broken glass and just overall debris from an unkept lot. Had Johnson thrown Ms. Remekia Peoples on this lot she would have received some obvious cuts, scrapes and bruising from this throw-down as testified by Ms. Peoples. (RR8, p. 148). She even reported that she had been beaten-up to Officer Courtney (RR8, pp. 32, 33). But there was no signs or indacations of physical assault, only complaints by an angry Ms. Peoples. (RR8, pp. 32, 33, 52 and 57). She gets mad at Johnson and crys foul and wants to get back at him for not getting what she wants,

5.

the money and a ride to a known drug neighborhood. There was consensual sex and the outcry was _after_ the fact.

### B. For Counsel to Rest On a Trial Strategy Necessitates the Existence of One. Opening the Door to Extraneous Offense Cannot Be Considered Reasonable Trial Strategy.

The right to be represented by counsel is by far the most important of a defendant's constitutional rights because it affects the ability of a defendant to assert a myraid of other rights, as Justice Sutherland explained in Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55 (1932).

The right to assistance of counsel is guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution and Article 1, Section 10 of the Texas Constitution. This right to the assistance of counsel has long been understood to include a "right to effective assistance of counsel." See McMann v. Richardson, 397 U.S. 759, 771, n. 14, 90 S.Ct. 1441, 1449 (1970).

The Texas Court of Criminal Appeals in Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986) adopted the Strickland (v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984)) test as the proper test under state law to gauge the effectiveness of counsel.

Johnson contends that his trial attorney's assistance was so extremely small that he failed to completely to subject the prosecution's case to meaningful ~~testing~~ adversarial testing. United States v. Cronic, 466 U.S. 648, 660, 104 S.Ct. 2039, 2047 (1984). By opening the door to

6.

extraneous offense it was extremely prejudicial to Johnson's defense and undermined the reliability of the finding of guilt. United States v. Cronic, at 659 n. 26, 104 S. Ct. at 2047 n. 26.

Mr. Stroud's failure to ascertain the facts and to impeach Ms. Peoples, the State's chief witness, by way of investigating to develop and present evidence, i.e., to have "Michael" tested as to see whether or not he is the unknown specimen found in the rape kit - which would show he is not - would show even further doubt into Ms. Peoples' testimony, and show the jury that Ms. Peoples was in fact not raped but had indeed consented to sexual intercourse with Johnson. Johnson's attorney completely failed to challenge the prosecutions entire case, not just elements of it. Haynes v. Cain, 298 F. 3d 375, 380, 382 (5th Cir. 2002) en banc, also see Bell v. Cone, 535 U.S. 685, 122 S. Ct. 1843, 1851 (2002) (noting the difference between situations addressed by Strickland and Cronic is "not of degree but of kind."). To have Johnson testify, rather than to effective cross-examination of Ms. Peoples and present witness(es) on his behalf, "Michael," Johnson's mother, who knows Michael to be involved with someone, cannot be considered reasonable trial strategy when putting his client on the stand opens the door to extraneous offenses.

### C. Trial Counsel's Failure to Investigate, Develop, and Present Evidence of Alternative DNA Testing, No Tactical Reason in Failing to Attack Veracity of Rape Evidence.

7.

"Rarely will a reviewing court be provided with the opportunity to make its determination on direct appeal with a record capable of providing a fair evaluation of the merits of the [ineffective assistance] claim...." Thompson v. State, 9 S.W.3d 808, 813 (Tex.Crim.App. 1999). This Court should review and ask Johnson's attorney, Mr. Stroud, what trial strategy was there putting his client on the stand. (RR 8, pp. 15, 16).

While the State's medical anaylsis provided three (3) specimens of DNA ※ evidence, if the State took its chief witness' word, Ms. Peoples, that the third "unknown" specimen was her "fiancé," then it would be reasonable to conclude that counsel should have called for a defence medical expert to test the "unkown" specimen to see if, in fact, it was Michael's DNA and the need for impeachment of evidence. A process of elimination/corroborating should be applied in this cirumstantial case. Wicker v. State, 667 S.W. 2d 137, 142 (TexCr.App. 1984). It is reasonable to believe that Ms. Peoples was engaged in prostitution and does not know who the third specimen belongs to. (RR8, p.160). And under the influence of drugs and alcohol - the real reason she didn't want to call 9-1-1.

## III. HARM

The State argues that a reasonable jury found beyond a reasonable doubt that Johnson committed the offense as charged. But without controverting the third specimen found in the testing of the DNA, the jury was not free to determine where the truth lies. Morton v. State,

8.

761 S.W. 2d 876, 880 (Tex. App. - Austin 1988). The State believes that this reviewing court should accept Ms. Peoples' version of facts in this weak circumstantial case based on limited and concealed evidence, and that trial counsel's performance was reasonable and did not prejudice Johnson.

While a convicted defendant must establish actual prejudice from his attorney's conduct, the State cannot avoid the consequences of a finding of ineffective assistance by arguing that the prejudice is de minimus. For example, life sentences in prison constitutes prejudice. Glover v. United States, 531 U.S. 198, 203, 121 S. Ct. 696, 700 (2001).

## PRAYER FOR RELIEF

For the foregoing reasons, Johnson prays that this Honorable Court should Grant this Petition for Discretionary Review and review the judgment by the Texas Sixth Court of Appeals in this case.

Respectfully submitted,

Patrick D. Moreno
Patrick D. Moreno, Petitioner
TDCJ No. 1752336
Mark W. Stiles Unit
3060 FM 3514
Beaumont, Texas 77705
Layman For Appellant

Bennie Johnson Jr.
Bennie Johnson, Jr., Appellant
TDCJ No. 1920053
Mark W. Stiles Unit
3060 FM 3514
Beaumont, Texas 77705

9.

# CERTIFICATE OF SERVICE

I, Bennie Johnson, Jr., do hereby certify that, on this ___8th___ day of ___December___, 20___15___, I caused a copy of the foregoing document to be served by first class mail, postage prepaid, on the Bowie County District Attorney's office, 601 Main St., Texarkana, Texas 75501, and the State Prosecuting Attorney, P.O. Box 13046, Austin, Texas, 78711. Pursuant to Tex.R.App.P. 68.11.

_Bennie Johnson Jr._
Bennie Johnson, Jr., Petitioner
TDCJ No. 1970053

# CERTIFICATE OF COMPLIANCE

This brief complies with Tex.R.App.P. 68.5, no longer than 15 pages, exclusive of pages index of authorities, statement regarding oral argument, statement of the case, statement of procedural history, and the appendix.

_Bennie Johnson Jr._
Bennie Johnson, Jr., Pro Se
TDCJ No. 1970053

Appendix follows: (i.e., Sixth Court of Appeals' Judgment and Opinion).

10.

# APPENDIX

Sixth Court of Appeals Judgment
and Opinion



CHIEF JUSTICE
JOSH R. MORRISS, III

JUSTICES
BAILEY C. MOSELEY
RALPH K. BURGESS

# *Court of Appeals*
### *Sixth Appellate District*
## *State of Texas*

CLERK
DEBRA K. AUTREY

BI-STATE JUSTICE BUILDING
100 NORTH STATE LINE AVENUE #20
TEXARKANA, TEXAS 75501
(903) 798-3046

October 14, 2015

Lauren Sutton
Assistant District Attorney
601 Main St
Texarkana, TX 75501
\* DELIVERED VIA E-MAIL \*

Bennie Johnson Junior
TDCJ-ID#1970053
Stiles Unit
3060 FM 3514
Beaumont, TX 77705

Derric Scott McFarland
Attorney at Law
602 Pine Street
Texarkana, TX 75504
\* DELIVERED VIA E-MAIL \*

RE:    Appellate Case Number:    06-14-00194-CR
       Trial Court Case Number:    12F0821-102

Style:  Bennie Johnson, Jr.
        v.
        The State of Texas

The Judgment of the Trial Court in the referenced proceeding on appeal from Bowie County was this date **AFFIRMED**, in conformity with the written Opinion of this Court of even date.

A true copy of this Court's Opinion and Judgment is enclosed.

Respectfully submitted,

Debra K. Autrey, Clerk

By _____
                                    Deputy

cc:   Hon. Bobby Lockhart (DELIVERED VIA E-MAIL)
      Billy Fox (DELIVERED VIA E-MAIL)



# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-14-00194-CR

BENNIE JOHNSON, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 102nd District Court
Bowie County, Texas
Trial Court No. 12F0821-102

Before Morriss, C.J., Moseley and Carter*, JJ.
Memorandum Opinion by Chief Justice Morriss

*Jack Carter, Justice, Retired, Sitting by Assignment

# MEMORANDUM OPINION

Bennie Johnson, Jr., appeals his conviction by a jury of aggravated sexual assault. *See* TEX. PENAL CODE ANN. § 22.021 (West Supp. 2014). Johnson was sentenced to life imprisonment and was represented by different appointed counsel at trial and on appeal.

Johnson's attorney on appeal has filed a brief which discusses the record and reviews the trial proceedings in detail. The brief sets out the procedural history and summarizes the evidence elicited during the course of the proceeding. Counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced on appeal, thus complying with the requirements of *Anders v. California.* 386 U.S. 738, 743–44 (1967). *See In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978).

Johnson has filed a pro se response in which he argues (1) that the evidence is insufficient to support the conviction of aggravated sexual assault and (2) that trial counsel was ineffective (a) in failing to provide a proper trial strategy, (b) by "opening the door" to extraneous offense evidence, and (c) by failing to investigate alternative DNA.

We have determined that this appeal is wholly frivolous. We have independently reviewed the entire record, as well as Johnson's pro se brief and the State's response, and find that no genuinely arguable issues support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

2

We affirm the judgment of the trial court.[1]

Josh R. Morriss, III
Chief Justice

Date Submitted:     October 12, 2015
Date Decided:       October 14, 2015

Do Not Publish

---

[1]Since we agree this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or appellant must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.

3



# Court of Appeals
# Sixth Appellate District of Texas

# J U D G M E N T

Bennie Johnson, Jr., Appellant

No. 06-14-00194-CR      v.

The State of Texas, Appellee

Appeal from the 102nd District Court of Bowie County, Texas (Tr. Ct. No. 12F0821-102). Opinion delivered by Chief Justice Morriss and Justice Carter*, participating. Sitting by assignment.

As stated in the Court's opinion of this date, we find no error in the judgment of the court below. We affirm the judgment of the trial court.

We note that the appellant, Bennie Johnson, Jr., has adequately indicated his inability to pay costs of appeal. Therefore, we waive payment of costs.

RENDERED OCTOBER 14, 2015
BY ORDER OF THE COURT
JOSH R. MORRISS, III
CHIEF JUSTICE

ATTEST:
Debra K. Autrey, Clerk